| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF GUILFORD | 18 CVS 5522 |

| JORDAN BRYANT | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) COMPLAINT |
| PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMES NOW Plaintiff, Jordan Bryant, by and through undersigned counsel, and hereby complains of Defendant, Prudential Insurance Company of America, as follows:

1. Plaintiff Jordan Bryant is a competent adult citizen and resident of Guilford County, North Carolina.

2. Upon information and belief, Defendant Prudential Insurance Company of America ("Prudential") is a foreign corporation authorized to do business in the State of North Carolina pursuant to Chapter 58 of the North Carolina General Statutes, and does business in the State of North Carolina.

3. This Court has jurisdiction over the parties to, and the subject matter of, this action, and venue is proper in this Court.

4. At all times relevant to this action, Prudential maintained a group disability insurance plan for the benefit of the employees of Qualicaps, Inc. ("Qualicaps"), which was an insured plan and not a plan funded by Qualicaps ("the Plan").

5. At all times relevant to this action, Qualicaps was the designated Plan Sponsor and the designated Plan Administrator for the Plan, while Prudential was the Claims Administrator

EXHIBIT B

6. At all times relevant to this action, the Plan was an employee welfare benefit plan offered by Prudential and maintained by Qualicaps and/or Prudential, providing short- and long-term disability benefits to eligible employees of Qualicaps, including Plaintiff.

7. At all times relevant to this action, Plaintiff was an employee of Qualicaps.

8. Qualicaps established the Plan with Prudential for the benefit of all Qualicaps's employees in active employment, including Plaintiff.

9. The Plan is an employee welfare benefit plan within the meaning of the Employment Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, established to provide disability benefits to employees of Qualicaps, including Plaintiff. This Court has jurisdiction over this ERISA action pursuant to 29 U.S.C. § 1132(e).

10. Upon information and belief, at all times relevant to this action, Prudential was responsible for administering the Plan and paying for benefits issued pursuant to the Plan. Prudential made the benefits determinations at issue in this action.

11. Prior to the months leading up to December 3, 2015, Plaintiff was an active employee of Qualicaps who was eligible for benefits under the Plan and was, in fact, covered as a participant and beneficiary of the Plan.

12. On or about December 3, 2015, Plaintiff suffered an injury to his right shoulder, which rendered him completely and totally disabled under the terms of the Plan.

13. As a result of his injury and resulting disability, Plaintiff applied for and received short-term disability benefits pursuant to the terms of the Plan beginning on or about January 2016.

14. Plaintiff continued to receive short-term disability benefits until approximately April 2016, at which point Plaintiff applied for and received long-term disability benefits pursuant to the terms of the Plan. Plaintiff received long-term benefits until approximately November 2016.

2

15. On or about December 15, 2016, Prudential made the decision to terminate Plaintiff's long-term disability benefits, effective January 1, 2017.

16. Despite Prudential's decision, Plaintiff's right shoulder injury remained, continuing to render Plaintiff completely and totally disabled.

17. Plaintiff timely appealed Prudential's decision to terminate his benefits in approximately March 2017. Prudential denied Plaintiff's appeal in approximately April 2017.

18. Plaintiff timely filed a second appeal of Prudential's decision to terminate his benefits in approximately October 2017. Prudential made a final denial of Plaintiff's second appeal on approximately November 8, 2017.

19. At all times following Prudential's decision to terminate Plaintiff's benefits, Plaintiff suffered significant pain and shoulder weakness, resulting in an inability to perform his job—which involved transporting heavy weight—and rendering him completely and totally disabled.

20. Plaintiff underwent a second shoulder surgery on or about September 26, 2017, owing to ongoing pain and weakness in his shoulder.

21. Prudential did not alter its decision to terminate Plaintiff's benefits from January 1, 2017 through the filing of this action.

22. Plaintiff has been disabled from December 1, 2016 through the filing of this action, but Prudential has not paid Plaintiff benefits during that time period.

23. Plaintiff has exhausted his administrative remedies under the Plan and his claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

24. Prudential is a fiduciary with respect to the Plan to the extent Prudential exercises discretionary authority or discretionary responsibility in the administration of the Plan within

3

Case 1:18-cv-00570 Document 3 Filed 06/29/18 Page 3 of 7

meaning of ERISA, 29 U.S.C. § 1002(21).

25. ERISA imposes strict fiduciary duties upon plan fiduciaries and such fiduciaries are required to discharge their duties with respect to the Plan "solely in the interest of the participants and beneficiaries," for the exclusive purpose of "(i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan" pursuant to ERISA, 29 U.S.C. § 1104(a).

26. As the insurance carrier and party responsible for making payments under the Plan, Prudential's actions in terminating coverage were neither impartial, independent, nor fair. Furthermore, a definite conflict of interest existed between Prudential's financial interest as an insurer in avoiding coverage and its responsibility as an administrator and fiduciary under the Plan. This conflict of interest caused or contributed to Prudential's decision to terminate Plaintiff's benefits in spite of substantial evidence indicating further payments were appropriate.

## CAUSE OF ACTION

27. Plaintiff incorporates the foregoing paragraphs by references as if fully re-alleged and restated herein.

28. Prudential has intentionally and without reasonable justification wrongfully denied long-term disability benefits to Plaintiff from January 1, 2017 through the filing of this action, and continues to deny ongoing long-term disability benefits in violation of the Plan and in violation of ERISA in the following manner:

    a. Plaintiff is and has been totally disabled, in that he is and has been continuously unable to engage in his own occupation or any other occupation for which he is qualified by education, training, or experience;

    b. Prudential failed to accord proper weight to evidence in the administrative

4

and medical records showing that Plaintiff is totally disabled and that this disability is evidenced by numerous objective manifestations, including requiring additional surgery in September 2017;

c. Prudential failed to grant Plaintiff a fair and impartial administrative review of his long-term disability benefits claim;

d. Prudential violated its contractual obligation to furnish long-term disability benefits from December 1, 2016 through the filing of this action;

e. Prudential violated its fiduciary duties to Plaintiff in the administrative review and handling of this claim for benefits under the Plan; and

f. Prudential violated the Plan and the requirements of ERISA in other ways to be proven at trial.

29. As a result of Prudential's unwarranted violations of the Plan and ERISA, Plaintiff is entitled to recover benefits due to him under the terms of the Plan and enforce his rights under the terms of the plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

30. Pursuant to 29 U.S.C. § 1132(g), Plaintiff is further entitled to recover his reasonable attorney's fees and costs incurred in connection with enforcing her rights under the Plan.

WHEREFORE Plaintiff, having complained of Defendant, respectfully prays that this Honorable Court grant him the following relief:

1. That Plaintiff have and recover a judgment against Defendant in an amount in excess of $25,000.00 as laid out by the Policy, plus interest accruing from the dates of the failure to furnish benefits;

2. That Plaintiff have and recover reasonable attorneys' fees to the extent permitted

5

Case 1:18-cv-00570 Document 3 Filed 06/29/18 Page 5 of 7

by applicable law;

    3.    That the costs of this action be taxed against Defendant; and

    4.    Any such other and further relief as this Court deems just and proper.

This the 24th day of May 2018.

PINTO COATES KYRE & BOWERS, PLLC

_____
Jon Ward
N.C. State Bar No. 37122
Adam L. White
N.C. State Bar No.: 46495
3203 Brassfield Road
Greensboro, NC 27410
(336) 282-8848
Fax: (336) 282-8409
*Attorney for Plaintiff*

6



NC DEPARTMENT OF
INSURANCE
1201 Mail Service Center
Raleigh, NC 27699-1201

7018 0040 0001 1454 6285

Trk #: 70180040000114546285
Full Name: PAKKALA, CARA
Mail Stop: NJ 05-07-40
Building: Gateway Center 3
Floor: 07
Notes:
Date Rec'd: 6/12/2018 9:26:51 AM

Prudential Insurance Company of America
100 Mulberry Street, Gateway 3
7th floor
Newark, NJ 07102-4061